UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| MICHAEL R. CALLAHAN, and ) | Case No. 11-40674-659 |
| RENE R. CALLAHAN, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | |
| WINDOWS OFF WASHINGTON, LLC, ) | **Adversary No. 11-4077-659** |
| ) | |
| ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| -v- ) | |
| ) | |
| MICHAEL R. CALLAHAN, and ) | |
| RENE R. CALLAHAN, ) | |
| ) | |
| Defendants. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Windows Off Washington, LLC's Complaint to Determine Non-Dischargeability of a Debt under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 727(a)(4)(C), Debtors Answers Adversary Complaint and Plaintiff and Defendants' Joint Stipulation of Facts. A hearing was held on August 9, 2011, at which Plaintiff appeared by counsel and the President of Plaintiff also appeared in person, and Debtors appeared by counsel and in person. The matter was taken under submission. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

Plaintiff Windows Off Washington (hereinafter "Plaintiff") is a limited liability company organized under the laws of the State of Missouri with its principal place of business located in the City of Saint Louis, Missouri. Plaintiff is engaged in the catering business and provides full-services for events. Debtors Michael R. Callahan and Rene R. Callahan (hereinafter "Debtors") entered into a contract with Plaintiff on June 25, 2008 for Plaintiff to cater Debtors' wedding reception. The contract required Debtors to make full payment in the amount of $16,805.34 at least 10 days in

advance of Debtors' March 21, 2009 wedding reception. Mr. Thomas Klein (hereinafter "Mr. Klein"), President of Plaintiff testified that Plaintiff requires full payment 10 days in advance because Plaintiff provides goods and services which are consumed. As of March 19, 2009, Debtors paid $7,000.00 to Plaintiff, which left an outstanding balance of $9,805.34. On March 20, 2009, one day before the wedding reception, Debtors submitted check #651 to Plaintiff in the amount of $9,805.34. Mr. Klein testified that he allowed Debtors' wedding reception to proceed despite receiving check #651 merely one day before the wedding reception because Plaintiff is a customer oriented business and Mr. Klein did not believe that there was any reason that Debtors check would not be honored. Throughout the month of March 2009, on only March 11, 2009 were there sufficient funds in Debtors' account to cover check #651. Pl. Ex. 5 (where the balance of Debtors bank account was $10,086.00). On March 20, 2009, the balance in Debtors' bank account was $5,949.55. Pl. Ex. 5.

On Saturday March 21, 2009, Plaintiff hosted and catered Debtors' wedding reception and Debtors were pleased with all aspects of the goods and services provided by Plaintiff. On Monday March 23, 2009, Debtors placed a stop-payment on check #651 because Debtors had insufficient funds to cover all the checks Debtors had written to numerous wedding vendors that month. Mr. Klein testified that had Debtors came to Plaintiff prior to the wedding reception and been forthcoming with their finances, Plaintiff might have worked with Debtors but Debtors afforded Plaintiff no such opportunity.

Plaintiff argues that the debt should be excepted from discharge pursuant to Section 523(a)(2)(A). Plaintiff further argues that Plaintiff is entitled to interest and attorneys fees under the terms of the contract. The contract provides the following:

> ADDITIONAL FEES AND PROCEDURES
> A returned Check Fee, equal to the Returned Check Fee assessed by the Caterer's Banking Institution, will be assessed for any/all Returned Checks...A Late Payment Penalty will be assessed on any balances remaining after the Event Date. The Late Payment Penalty

> will be assessed at Eighteen (18) Percent Annually.
> ...
> MISCELLANEOUS
> ...On demand, the Patron shall pay the Caterer all costs of collection, legal expenses and attorney's fees incurred or paid by Caterer in collecting and/or enforcing this Agreement.

Pl. Ex. 1. Plaintiff submits that the interest due is $1,764.96 per year, $58.83 per month and $1.96 per day. Pl. Ex. 7. Plaintiff further submits that the total interest due is $3,798.56. Pl. Ex. 7. Plaintiff also submits that Plaintiff incurred $621.80 in costs and $8,433.30 in attorney fees. Pl. Ex. 7.

Debtors argue that Debtors did not intentionally deceive Plaintiff but that they made an honest mistake and lost track of their finances. Debtors further argue that there was no intent to commit fraud and that had Debtors known their finances were in dire condition, Debtors would have approached Plaintiff to negotiate an alternative. Debtors argue that Plaintiff is an unsecured creditor that merely issued an extension of credit to Debtors. Debtors did not oppose Plaintiff's request for interest, costs or attorney's fees.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2011) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2011). Venue is proper in this District under 28 U.S.C. § 1409(a) (2011).

## CONCLUSIONS OF LAW

Under Section 523(a)(2)(A), a debtor cannot obtain a discharge from any debt "for money, property, services…to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (2008). To establish fraud pursuant to Section 523(a)(2)(A), a creditor must prove the following elements by a preponderance of the evidence:

1. The debtor made a representation.
2. The debtor knew the representation was false at the time it was made.
3. The representation was deliberately made for the purpose of deceiving the creditor.
4. The creditor justifiably relied on the representation.
5. The creditor sustained the alleged loss as the proximate result of the representation having been made.

*In re Maurer*, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000) (cites omitted).

Here, Debtors represented that they would pay the outstanding balance in the amount of $9,805.34 when Debtors tendered check #651 to Plaintiff. Debtors knew this representation was false at the time it was made because Debtors only had $5,949.55 available in Debtors' bank account on that date. March 11, 2009 was the only day in March 2009 that there were sufficient funds in Debtors' account to cover check #651, and, Debtors wrote numerous checks to numerous wedding vendors in March 2009. On March 20, 2009, the day that Debtors wrote check # 651 in the amount of $9,805.34, there was only $5,949.55 in Debtors' bank account. Debtors gave Plaintiff check #651 with the sole intent of deceiving Plaintiff into hosting and catering Debtors' wedding reception. Debtors therefore deceived Plaintiff into fully performing under the terms of the contract between Debtors and Plaintiff. Plaintiff justifiably relied on this representation because Debtors and Plaintiff had formed a nine-month relationship at that point and Debtors gave Plaintiff no indication of any financial woes or that Debtors had insufficient funds to cover the balance due under the contract before Debtors tendered check #651. As a result, the goods and services provided by Plaintiff were consumed by Debtors and Debtors' wedding guests at the expense of Plaintiff. This Court concludes that all the elements of Section 523(a)(2)(A) are met and consequently, this debt is nondischargeable.

Plaintiff further argues that Plaintiff is entitled to interest and attorneys fees under the terms of the contract. Upon this Court's review of the contract, the Court agrees.

Plaintiff submits that the total amount due is $22,659.00. This includes interest in the amount of $3,798.56, costs in the amount of $621.80 and attorney fees in the amount of $8,433.30. Section 330(a)(2) permits a court to award compensation that is less than the amount requested. See 11 U.S.C. § 330(a)(2) (2011); *In re Peterson,* 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000). Section 330(a)(3) lists the various factors to consider in determining reasonableness of compensation:

- the time spent;
- the rates charged;
- the necessity of the services for administration of the case;
- the reasonableness of the amount of time spent in light of the complexity, importance and nature of the problem, issue, or task addressed; and
- the reasonableness of the requested compensation compared to the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

*In re McKeeman,* 236 B.R. 667, 670-71 (B.A.P. 8th Cir. 1999) *citing* 11 U.S.C. § 330(a)(3).

A case. of this size, with the amount of filings and time that such documents should have taken to create, produce or synthesize, should not amount to attorneys fees of $8,433.30, particularly to collect at debt of $9,805.34. Upon this Court's *sua sponte*[1] assessment of reasonable costs associated with the factors enumerated in Section 330(a)(3), this Court concludes that an award in the amount of 50% of that requested by Plaintiff, or $4,216.65 is reasonable. By separate order, judgment will be entered accordingly.

_____
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 3, 2011
St. Louis, Missouri

---

[1] Debtors did not object or otherwise oppose Plaintiff's request for interest, costs or attorney fees.

-5-

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

David G Bender
RGSZ
7733 Forsyth Blvd.
Fourth Floor
Clayton, MO 63105

William H. Ridings, Jr.
Ridings Law Firm
2510 S. Brentwood Blvd, Ste. 205
St. Louis, MO 63144

Windows Off Washington, LLC
701 N. 15th St., 10th Floor
St. Louis, MO 63103

Michael and Rene Callahan
424 Golden Valley Dr
St. Louis, MO 63129